# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Petitioner,

               -against-

NOVA GROUP, INC., AS TRUSTEE, NAMED
FIDUCIARY, PLAN SPONSOR AND
ADMINISTRATOR OF THE CHARTER OAK
TRUST WELFARE BENEFIT PLAN,

               Respondent.
-----------------------------------------------------------X

**Case No: 11 CV 01590-LTS**

**PETITION TO CONFIRM AN ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 9**

Petitioner Universitas Education, LLC ("Universitas"), by its attorneys Loeb & Loeb LLP, for its Petition to Confirm An Arbitration Award pursuant to 9 U.S.C. § 9, alleges as follows:

## PARTIES

1. Petitioner Universitas is a Delaware limited liability company, with two members, Donna Vassar and Sharon Siebert, both of whom are domiciled in the state of New York. Universitas is the research and educational affiliate of Destination Universitas, a charitable foundation dedicated to providing a center for the spiritual and physical healing of world leaders.

2. Upon information and belief, Respondent Nova Group, Inc. ("Nova Group") purports to be a Delaware corporation with its principal place of business in Connecticut.

## JURISDICTION AND VENUE

3. Universitas commenced an action in New York Supreme Court, New York County, on February 11, 2011, by filing a Summons with Notice (Index No. 650370/2011), seeking confirmation of a January 24, 2011 Arbitration Award pursuant to N.Y. C.P.L.R. § 7510. Nova Group removed the action to this Court on March 8, 2011, alleging federal question

jurisdiction (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332). Universitas agrees that this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties, and the amount in controversy well exceeds $75,000.

4. Venue in the Southern District of New York is proper because the arbitration that is the subject of this confirmation action took place in New York, New York. Thus, a substantial part of the events giving rise to this action occurred within this judicial district. 28 U.S.C. § 1391(a)(2), (b)(2). *See also* 9 U.S.C. § 9 (proceeding to confirm an arbitration award may be brought in the district in which the arbitration award was made).

## STATEMENT OF FACTS

5. Universitas is the sole, irrevocable beneficiary of the Charter Oak Trust Welfare Benefit Plan (hereinafter "Trust" or "Plan"), in relation to two life insurance policies placed into the Plan by Sash A. Spencer. Nova Group claims to be the trustee, fiduciary, plan sponsor and administrator of the Plan.

6. Mr. Spencer, a businessman and longtime supporter of the Destination Universitas Foundation, named Universitas the sole, irrevocable beneficiary of a Death Benefit equaling the proceeds payable under the two insurance policies ($30 million) less certain reasonable expenses agreed to by Mr. Spencer and Plan representatives (hereinafter referred to as the "Death Benefit").

7. Mr. Spencer died in June 2008. After the life insurance carrier paid out $30 million in insurance proceeds to the Plan in May 2009, Nova Group refused to pay to Universitas the Death Benefit and insisted it was entitled to keep the sum for itself. Nova Group formally rejected Universitas' claim to the Death Benefit twice, initially in October 2009, and on appeal in February 2010.

8. The Declaration of Trust for the Charter Oak Trust Welfare Benefit Plan (hereinafter "Declaration of Trust"), which Nova Group and its affiliates unilaterally drafted, provided that the only avenue of relief from an adverse benefits determination by Nova Group was binding arbitration in New York, NY before a single arbitrator. Specifically, § 8.02(d) of the Declaration of Trust provides, in pertinent part:

> Any controversy or claim arising out of or related to a denial of benefits hereunder or any and all other disputes, claims or controversies (whether or not related to benefits) arising under this Plan & Trust shall be settled by binding arbitration before a single arbitrator in New York, New York, under the commercial arbitration rules of the American Arbitration Association; the arbitrator shall have no jurisdiction, authority, or power to award special or punitive damages; all costs of the prevailing party (including attorneys' fees and costs), as well as the costs of arbitration, shall be borne exclusively by the non-prevailing party; the final decision of the arbitrator shall be final, binding, and non-appealable; and judgment on the award may be entered in any court having jurisdiction thereof ... [.]

A copy of the Declaration of Trust is attached as Exhibit 1.

9. Universitas, a non-signatory of the Trust, filed a Demand for Arbitration and Statement of Claim in June 2010 with the American Arbitration Association against entities and individuals responsible for the Trust's failure to pay out the Death Benefit as Mr. Spencer directed and the Plan mandated. These entities and individuals were: Nova Group, its sister entity Benistar Admin. Services, Inc. ("BASI"), Wayne Bursey ("Bursey"), Donald Trudeau ("Trudeau"), Daniel Carpenter ("Carpenter") and Grist Mill Capital, LLC ("Grist Mill").

10. In August 2010, the parties mutually selected Peter L. Altieri, Esq., a partner in the New York offices of Epstein Becker & Green, P.C. as the arbitrator. Arbitrator Altieri is an experienced litigator, arbitrator and mediator. Attached as Exhibit 2 is the biography of Arbitrator Altieri as it appears on the Web site of Epstein, Becker & Green (http://www.ebglaw.com, last visited March 14, 2011).

11. On September 24, 2010, Universitas amended its Statement of Claim to include claims against Nova Group's sister entity Nova Benefit Plans, LLC and alter ego claims against Bursey, Trudeau and Carpenter. Universitas also dropped Grist Mill as a respondent in the arbitration. Attached as Ex. 3 is Universitas' Amended Statement of Claim (exhibits omitted).

12. By Order dated November 3, 2010, the Arbitrator bifurcated the proceedings and issues. Phase One of the arbitration would proceed solely against Nova Group, Bursey as Trustee of the Trust and BASI as Administrator under the Trust (hereinafter the "Phase One Respondents"). Phase One would address (among other things) whether Universitas was entitled to the Plan benefits and, if so, in what amount.

13. Prior to the Phase One hearings on December 6-8, 2010, Universitas and the Phase One Respondents briefed at great length all of the defenses raised by the Phase One Respondents. Each side submitted a pre-hearing legal brief; a pre-hearing reply brief; and a pre-hearing sur-reply letter. Attached as Exs. 4 and 5 are Universitas' pre-hearing legal brief and the Phase One Respondents' pre-hearing legal brief, respectively (exhibits omitted). Attached as Exs. 6 and 7 are Universitas' pre-hearing reply brief and the Phase One Respondents' pre-hearing reply brief, respectively (exhibits omitted). Attached as Exs. 8 and 9 are the Phase One Respondents' sur-reply letter and Universitas' sur-reply letter, respectively (exhibits omitted).

14. The Phase One hearings took place for three days on December 6-8, 2010 at the New York, New York offices of Epstein Becker & Green.

15. Following the Phase One hearings, Universitas and the Phase One Respondents again briefed at great length all of the defenses raised by the Phase One Respondents. Each side submitted a post-hearing legal brief and a post-hearing reply brief. Attached as Exs. 10 and 11 are Universitas' post-hearing legal brief and the Phase One Respondents' post-hearing legal

4

brief, respectively (exhibits omitted). Attached as Exs. 12 and 13 are Universitas' post-hearing reply brief and the Phase One Respondents' post-hearing reply brief, respectively (exhibits omitted).

16. By Award dated January 24, 2011, Arbitrator Altieri rendered his decision. Attached as Exhibit 14 is a copy of the Award. The Award was delivered to the parties on January 25, 2011, with a cover e-mail from Karen Fontaine, manager of alternative dispute resolution services for the American Arbitration Association. Attached as Exhibit 15 is the cover e-mail from Ms. Fontaine.

17. Arbitrator Altieri ruled that the Phase One Respondents had breached their fiduciary duties to Universitas, whether their conduct was evaluated under state-law principles or the federal Employee Retirement Income Security Act (ERISA). Arbitrator Altieri evaluated each of the Phase One Respondents' defenses, and held them not to be "individually or collectively sufficient" to excuse their obligation to administer the Trust for the exclusive benefit of participants and their beneficiaries. Arbitrator Altieri held Nova Group liable to Universitas for a total of $26,525,535.88 in damages, attorneys' fees and costs, as well as for $32,772.38 in arbitration-related fees.

18. As indicated in the Award (Ex. 14), the Arbitrator directed Nova Group to "deposit $26,525,535.98 in escrow with the law firm of Updike Kelly and Spellacy on or before the later of 30 days following the date of this Award or 30 days after determination of any motion for reconsideration under Rule 46 [of the Commercial Arbitration Rules of the American Arbitration Association], the grounds for which are extremely limited."

19. By letter dated February 16, 2011 (attached as Ex. 16 with exhibits omitted), Nova Group indicated that it would no longer participate in the arbitration, thereby creating a

strong implication that it will not deposit any money into escrow as mandated by Arbitrator Altieri. Therefore, a judgment on the Award is necessary in order to permit Petitioner Universitas to enforce it and to proceed to Phase II of the New York arbitration.

20. This Petition is authorized by the Charter Oak Trust Welfare Benefit Plan, the Commercial Arbitration Rules of the American Arbitration Association (specifically Rule 48(c)), and Section 9 of the Federal Arbitration Act (9 U.S.C. § 9).

21. The Award was not a product of corruption, fraud, partiality or undue means, and is not subject to any of the grounds listed for vacatur at 9 U.S.C. § 10.

22. This Petition is filed within one year of the Award's issuance.

**WHEREFORE**, Petitioner prays that:

1. This Court make an Order confirming the January 24, 2011 Arbitration Award and directing that judgment be entered in favor of Petitioner Universitas Education, LLC against Respondent Nova Group, Inc., in the amount of $26,558,308.36 together with interest thereon at the rate of interest of 10% per annum (pursuant to Conn. Gen. Stat. §37-3a) from January 24, 2011 to the date of judgment;

2. That, pursuant to § 8.02(d) of the Charter Oak Trust Welfare Benefit Plan, Petitioner Universitas be awarded its costs and disbursements, including attorneys' fees, related to this proceeding, and any other, further relief as the Court may deem just and proper.

Dated: New York, New York
March 15, 2011

LOEB & LOEB LLP

By: _____
Paula K. Colbath (PC-9895)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Petitioner*
*Universitas Education, LLC*