UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
UNIVERSITAS EDUCATION, LLC,
Individually and on behalf of the CHARTER
OAK TRUST,

          Plaintiff,

    v.

TD BANK, N.A.

          Defendant.
--------------------------------------------------------------- X

Case No. 1:15-cv-05643 (SAS)

### DEFENDANT TD BANK N.A.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)

Jeffrey J. Chapman
Aaron F. Jaroff
*jchapman@mcguirewoods.com*
*ajaroff@mcguirewoods.com*
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
(212) 548-2100

*Attorneys for Defendant TD Bank, N.A.*

# TABLE OF CONTENTS

                                                                                                            **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.      Plaintiff's Claims Were Time-Barred Prior to the Tolling Agreement ................. 2

           A.     No Discovery Rule Applies to Plaintiff's Common Law Claims, Which Are All Subject to Three-Year Limitations Periods ...................... 2

           B.     Plaintiff Discovered Its RICO Injury By October 2009 ............................ 4

    II.     Plaintiff's Facially Deficient Pleadings Cannot Support Its Claims ..................... 5

           A.     Plaintiff Has Not Demonstrated "Actual Knowledge" or "Substantial Assistance" ................................................................................ 5

                1.     Actual Knowledge ............................................................................ 5

                2.     Substantial Assistance ...................................................................... 7

           B.     Plaintiff Has Not Demonstrated That TD Bank Breached a Duty of Ordinary Care ........................................................................................... 8

           C.     Plaintiff Cites No Support Demonstrating That TD Bank Was Unjustly Enriched ...................................................................................... 9

           D.     Plaintiff Offers No Facts to Support Its RICO Claim ............................ 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*2006 Frank Calandra, Jr. Irrevocable Tr. v. Signature Bank Corp.*,
    503 F. App'x 51 (2d Cir. 2012) .......................................................................................... 8

*Bischoff v. Yorkville Bank*,
    218 N.Y. 106 (N.Y. 1916) ................................................................................................. 6

*Chemtex, LLC v. St. Anthony Enters., Inc.*,
    490 F. Supp. 2d 536 (S.D.N.Y. 2007) ............................................................................... 5

*City of Syracuse v. Loomis Armored US, LLC*,
    900 F. Supp. 2d 274 (S.D.N.Y. 2012) ............................................................................... 3

*Corcoran v. New York Power Auth.*,
    202 F.3d 530 (2d Cir. 1999) .............................................................................................. 4

*Grace v. Corn Exch. Bank Tr. Co.*,
    287 N.Y. 94 (N.Y. 1941) ................................................................................................ 5, 6

*Granite Partners, L.P. v. Bear, Stearns & Co. Inc.*,
    17 F. Supp. 2d 275 (S.D.N.Y. 1998) ................................................................................. 9

*In re Knox*,
    488 N.Y.S.2d 146 (N.Y. 1985) .......................................................................................... 9

*Indus. Bank of Latvia v. Baltic Fin. Corp.*,
    No. 93-cv-9032, 1994 WL 286162 (S.D.N.Y. June 27, 1994) ........................................ 10

*JP Morgan Chase Bank v. Winnick*,
    406 F. Supp. 2d 247 (S.D.N.Y. 2005) ........................................................................... 5, 7

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir. 2000) ............................................................................................ 10

*Koch v. Christie's Int'l PLC*,
    699 F.3d 141 (2d Cir. 2012) .............................................................................................. 4

*Midwest Mem'l Group, LLC v. Int'l Fund Servs. (Ireland) Ltd.*,
    No. 10-cv-8660, 2011 WL 4916407 (S.D.N.Y. Oct. 17, 2011) ........................................ 3

*Nigerian Nat'l Petroleum Corp. v. Citibank, N.A.*,
    No. 98-cv-4960, 1999 WL 558141 (S.D.N.Y. July 30, 1999) .................................. 2, 6, 8

*Norwest Mortgage, Inc. v. Dime Savings Bank,*
  721 N.Y.S.2d 94 (N.Y. App. Div. 2001) ........................................................................... 9

*Playford v. Phelps Mem'l Hosp. Center,*
  680 N.Y.S.2d 267 (N.Y. App. Div. 1998) ......................................................................... 2

*Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer,*
  764 F.3d 1268 (10th Cir. 2014) ........................................................................................ 4

*Rosner v. Bank of China,*
  No. 06-cv-13562, 2008 WL 5416380 (S.D.N.Y. Dec. 18, 2008) ..................................... 7

*Rotella v. Wood,*
  528 U.S. 549 (2000) .......................................................................................................... 4

*Schmidt v. Fleet Bank,*
  No. 96-cv-5030, 1998 WL 47827 (S.D.N.Y. Feb. 4, 1998) ........................................... 10

**STATUTES**

18 U.S.C. § 1962(c) ................................................................................................................... 10

**RULES**

FED R. CIV. P. 8 ............................................................................................................................ 9

N.Y. C.P.L.R. § 214-c .................................................................................................................. 3

Defendant TD Bank[1] respectfully submits this reply in further support of its Motion to Dismiss the Amended Complaint (ECF Nos. 12-14).

## PRELIMINARY STATEMENT

In its Memorandum of Law in Opposition (the "Opposition Brief") (ECF No. 19), Plaintiff states that the issues critical to a determination of TD Bank's Motion to Dismiss are (i) the injuries that it sustained; (ii) its discovery of TD Bank's alleged role in those injuries; and (iii) TD Bank's alleged assistance in the underlying conversion by the Nova Group. Opposition Brief at 2. Brief examination of these points reveals, however, precisely why the Amended Complaint must be dismissed with prejudice.

First, Plaintiff is simply incorrect that its discovery of TD Bank's alleged contribution to its injuries is relevant to an analysis of the timeliness of its common law claims. The law is clear (i) that the three-year limitations period for Plaintiff's negligence and conversion claims began to run upon the occurrence of its injury and (ii) that the remainder of Plaintiff's common law claims are time-barred under this three-year limitations period because they are incidental to its claim for aiding and abetting conversion. Plaintiff's contention that it did not have notice of claims against TD Bank until 2012, when it sought third-party discovery, is irrelevant because there is no tolling or discovery rule; the 2009 injury date is dispositive. Plaintiff's own filings prove that any injuries it sustained, including those attributable to TD Bank, occurred in 2009, when the funds at issue were withdrawn and the Trustee refused to remit the proceeds. *See* Am. Compl. ¶ 66; Ex. 1 ¶ 7. Plaintiff's RICO claim is similarly time-barred, as Plaintiff has admitted that it

---

[1] Unless otherwise noted, capitalized terms are as defined in TD Bank's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint Pursuant to FRCP 12(b)(6), filed on September 11, 2015 (the "Opening Brief"). ECF No. 14. All references to "Ex. [_]" are to the exhibits to the Declaration of Jeffery J. Chapman, filed on September 11, 2015 (ECF No. 13) and the Reply Declaration of Jeffery J. Chapman, submitted herewith.

1

knew by October 2009 that the Trustee had converted the insurance proceeds. *See* Ex. 1 ¶ 7.

Second, in support of its claims that TD Bank substantially assisted in various torts committed by the Nova Group, Plaintiff offers nothing more than a repetition of the conclusory allegations of the Amended Complaint and an assertion that assisting in the commission of a theft is not providing "routine" banking services. But Plaintiff does not dispute that the essence of what TD Bank is alleged to have done – approve valid account transfers and withdrawals – is routine banking activity. The law is clear that such routine activities do not give rise to liability, even if they were allegedly performed with an improper intent. *See infra* Section II.A.2.

## ARGUMENT

### I. Plaintiff's Claims Were Time-Barred Prior to the Tolling Agreement.

#### A. No Discovery Rule Applies to Plaintiff's Common Law Claims, Which Are All Subject to Three-Year Limitations Periods.

Plaintiff's contention that the statutes of limitation for its common law claims did not begin until November 2012, when it "discovered TD's glaring complicity effecting the theft" (Opposition Brief at 1, 16) misstates both the law and the facts. It is clear that Plaintiff was injured in October 2009, when the life insurance proceeds were fully withdrawn from TD Bank and the Trustee informed Plaintiff of its conversion. *See* Am Compl. ¶ 66; Ex. 1 ¶ 7. This is all that is needed to begin the three-year limitations period for negligence and conversion claims, which both accrue upon "occurrence of the injury." *Playford v. Phelps Mem'l Hosp. Center*, 680 N.Y.S.2d 267, 268 (N.Y. App. Div. 1998); *see also* Opening Brief at 6-8.

That Plaintiff might later have learned that TD Bank had an alleged role in that injury is simply irrelevant.[2] *See Nigerian Nat'l Petroleum Corp. v. Citibank, N.A.*, No. 98-cv-4960, 1999

---

[2] The Opposition Brief incorrectly implies that TD Bank refused to comply with subpoenas issued to it in the 2011 Enforcement Proceeding until so-ordered by Magistrate Judge Pitman. Opposition Brief at 1, 8. The order issued by Judge Pitman and cited by Plaintiff notes that it

2

WL 558141, at *4 (S.D.N.Y. July 30, 1999) (negligence limitations period began to run "when the injury first occur[ed]," even if plaintiff "remained ignorant of [defendant bank's] alleged complicity" until four years after the injury) (quotation omitted); *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 292 (S.D.N.Y. 2012) (a conversion claim "accrues upon the act of conversion, regardless of when the conversion is discovered") (quotation omitted). The law is clear that "New York does not apply a 'discovery rule' to extend accrual [of negligence and aiding and abetting conversion claims] until a plaintiff discovers [its] injury." *Midwest Mem'l Group, LLC v. Int'l Fund Servs. (Ireland) Ltd.*, No. 10-cv-8660, 2011 WL 4916407, at *3 (S.D.N.Y. Oct. 17, 2011). Had New York wished to apply a discovery rule to conversion and standard negligence claims, it would have done so. *See* N.Y. C.P.L.R. § 214-c (applying discovery rule to certain toxic tort claims). The admitted fact of Plaintiff's injury in October 2009 (Am Compl. ¶ 66; Ex. 1 ¶ 7) is all that is needed to begin the limitations period for Counts III and VIII-X, and these claims were barred by October 2012. *See* Opening Brief at 6-8.

Plaintiff similarly offers no response to the overwhelming precedent cited by TD Bank proving that, in circumstances such as these, the six-year limitations period for fraud, breach of fiduciary duty, and unjust enrichment claims is inapplicable. Instead, when claims for such causes of action are "merely incidental" to a conversion claim, New York courts have repeatedly applied the shorter limitations period, noting that a plaintiff cannot inappropriately rely on the longer statute. *See* Opening Brief at 8-13. Plaintiff has made no attempt to show that its remaining common law claims are in any way distinct from its aiding and abetting conversion

---

was the Nova Group that was "attempt[ing] to prevent non-party TD Bank, N.A. from complying with [the] subpoenas" and that TD Bank had in fact produced documents in response to the subpoenas before receiving threats of litigation. *See* Ex. 5 at 2-4. Thus, TD Bank actively sought guidance from Judge Pitman. Universitas did not take issue with TD Bank's compliance with the subpoenas and did not pursue them further after TD Bank's production was complete.

3

claim. *See Corcoran v. New York Power Auth.*, 202 F.3d 530, 545 (2d Cir. 1999) (fraud claim is distinct only when the fraud occurred separately from the facts of the alternate claim and when the injuries are distinct). The only injury at issue is the conversion,[3] which Plaintiff admits by repeatedly referencing TD Bank's alleged complicity in the "theft." *See* Opposition Brief at 1, 4, 16. Plaintiff's failure to distinguish these claims is an admission that they are subject to a three-year limitations period, which began to run in October 2009. *See* Opening Brief at 8-13.

### B. Plaintiff Discovered Its RICO Injury By October 2009.

Plaintiff also fails to respond substantively to the controlling precedent cited in TD Bank's Opening Brief demonstrating that its RICO claim was time-barred by October 2013. As the Second Circuit explained, "[i]t remains the law in this Circuit that a RICO claim accrues upon the discovery of the injury alone." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 150 (2d Cir. 2012); *see also Rotella v. Wood*, 528 U.S. 549, 555 (2000) ("[D]iscovery of the [RICO] injury, not discovery of the other elements of the claim, is what starts the [limitations] clock."); *Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1278 (10th Cir. 2014) ("[A] RICO victim need not have actual knowledge of exactly who committed the . . . act . . . for a civil RICO claim to accrue."). Plaintiff does not dispute this standard, and offers no response to its 2011 filing informing Judge Swain that it discovered its injury by October 2009. *See* Ex. 1 ¶ 7 ("After the life insurance carrier paid [the] insurance proceeds . . . [the] Nova Group refused to pay to Universitas the [proceeds] and insisted it was entitled to keep the sum for itself. [The] Nova Group formally rejected Universitas' claim to the [proceeds] . . . in October 2009 . . . .").

---

[3]  Plaintiff asserts in passing that in addition to the life insurance proceeds, it is also seeking disgorgement of TD Bank's profits and fees. Opposition Brief at 2. It is unclear why this reference was included, but if it is an attempt to distinguish certain of Plaintiff's common law claims such that the three-year limitations period does not apply, it fails simply because the underlying injury at issue – theft by the Nova Group – is identical for each claim. *See Corcoran*, 202 F.3d at 545; *see also* Opening Brief at 10-13.

4

## II. Plaintiff's Facially Deficient Pleadings Cannot Support Its Claims.[4]

### A. Plaintiff Has Not Demonstrated "Actual Knowledge" or "Substantial Assistance."

The parties agree that a claim for aiding and abetting a breach of fiduciary duty, fraud, and conversion requires both (i) actual knowledge of the underlying wrong by the alleged aider or abettor and (ii) substantial assistance in the commission of the underlying wrong. Plaintiff's Opposition Brief fails to explain how the Amended Complaint meets this standard.

#### 1. Actual Knowledge

Plaintiff relies on distinguishable authority[5] and conclusory allegations to support its argument that TD Bank had actual knowledge of the Nova Group's theft. Many of the cases Plaintiff cites involve negligence, as opposed to claims that require actual knowledge. *See infra* Section II.B. And those addressing aiding and abetting acknowledge what Plaintiff ignores, that "New York law requires that the alleged aider and abettor have 'actual,' as opposed to merely constructive, knowledge of the primary wrong." *Chemtex, LLC v. St. Anthony Enters., Inc.*, 490 F. Supp. 2d 536, 546 (S.D.N.Y. 2007); *see also JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 255 (S.D.N.Y. 2005) (noting "suspicion, without confirmation, does not satisfy the

---

[4] Although Plaintiff purports in the headings of its Opposition Brief to respond to TD Bank's arguments demanding that its direct fraud and breach of fiduciary duty claims be dismissed, it simply fails to address these allegations, focusing only on those for aiding and abetting. Opposition Brief at 9-12. As a result, TD Bank requests that the Court dismiss Plaintiff's fraud and breach of fiduciary duty claims. *See* Opening Brief at 17-18, 21-23.

[5] Plaintiff cites *Grace v. Corn Exchange Bank Trust Co.* for the proposition that a bank has no duty to monitor fiduciary accounts. 287 N.Y. 94 (N.Y. 1941); *see* Opposition Brief at 10. TD Bank does not dispute this standard, although it is more correctly applied to negligence claims. *See infra* Section II.B; Opening Brief at 23-24. To the extent Plaintiff relies upon *Grace* for its finding that a defendant bank was liable as a "guilty participant" in a trustee's theft of funds held at the bank, the case is clearly distinguishable. *Grace*, 287 N.Y. at 107. The fiduciary in *Grace* had numerous overdrafts of his personal account, which were then being covered by transfers from the trust account at issue. *Id.* This is not the case here, where it is undisputed that the withdrawals and transfers were authorized and there are no allegations that they were used to remedy overdrafts. *See* Opening Brief at 4.

5

actual knowledge requirement"); *Bischoff v. Yorkville Bank*, 218 N.Y. 106, 113 (N.Y. 1916) (upholding liability against defendant bank only after "[t]here was absolute proof in the possession of the defendant" that funds were converted); Opening Brief at 19.

The allegations of the Amended Complaint establish, at best, constructive knowledge that certain individuals affiliated with the Nova Group had a history of wrongful conduct. *See* Opening Brief at 19-20. The Opposition Brief asks this Court to assume that this meant that TD Bank knew, or could infer, that the Nova Group was in real time "wrongfully diverting" the insurance proceeds into other accounts as part of an effort to steal the funds when it accepted certain payments. Opposition Brief at 10-12. However, Plaintiff provides no legal authority supporting these conclusory assertions as a basis for actual knowledge, and does not respond to the precedent cited by TD Bank showing that such inferences fall short of the standard necessary to successfully plead actual knowledge. *See Nigerian Nat'l Petroleum*, 1999 WL 558141, at *8 ("[A]llegations that a bank disregarded suspicious circumstances . . . fall[] short of alleging that [defendant bank] had actual knowledge of the wrongdoing or was somehow a participant in the fraudulent scheme.") (quotations omitted); *see also* Opening Brief at 20. Indeed, one case upon which Plaintiff otherwise relies demonstrates that the allegations of the Amended Complaint are insufficient to establish actual knowledge. In *Grace*, the Court of Appeals reversed a finding of actual knowledge where the trustee transferred trust funds through a series of corporate accounts to pay a corporate debt to the bank, finding that "the bank may not be charged with knowledge that such funds were transferred in this roundabout way from the trust account to the corporate account." *Grace*, 287 N.Y. at 106-07. This kind of "roundabout" transfer – which cannot be used to demonstrate actual knowledge – is exactly what Plaintiff alleges in the Amended Complaint. *See* Am. Compl. ¶ 25 (alleging that TD Bank had actual knowledge based on

6

acceptance of mortgage payments made with the insurance proceeds after they were first transferred into another account); *see also* Opposition Brief at 11 (same).

### 2. Substantial Assistance

Plaintiff similarly provides no support for its assertion that TD Bank substantially assisted the Nova Group's wrongdoing, and simply ignores controlling legal authority.[6] Opposition Brief at 11-13. There is no dispute that the "assistance" TD Bank provided consisted of honoring valid wire transfer and withdrawal requests, something banks do every day as a matter of course. Plaintiff does not take issue with precedent holding that such routine transactions are not "substantial assistance." *See Rosner v. Bank of China*, No. 06-cv-13562, 2008 WL 5416380, at *12-13 (S.D.N.Y. Dec. 18, 2008) ("conclusory allegation[s]" that the transactions at issue were "atypical and non-routine" were insufficient to establish substantial assistance where a bank simply provided "its usual banking services to a customer" by allowing him to "create accounts, transfer funds among accounts, and make withdrawals from accounts"); *see also* Opening Brief at 20-21. Rather, Plaintiff's sole argument is that TD Bank performed these transactions with such ill intent that they constituted "fraud services."[7] Opposition Brief at

---

[6] Plaintiff cites *JP Morgan Chase Bank v. Winnick* for the requirements of an aiding and abetting claim. 406 F. Supp. 2d at 252; *see* Opposition Brief at 11. To the extent Plaintiff seeks to rely on *Winnick* to support its substantial assistance argument, the facts are clearly distinguishable. In *Winnick* the alleged aiders and abettors were employees of the primary violator who were deeply involved in the negotiation and execution of the fraudulent transactions at issue. *Winnick*, 406 F. Supp. 2d at 257-58. The *Winnick* court admitted that this was a far cry from a "remote servicer of the primary violator" like a bank executing routine transactions in which it has no interest, such as here. *Id.* at 257. *Winnick* supports dismissal.

[7] Plaintiff also states that there is "nothing routine about a bank accepting funds from a fiduciary account in satisfaction of the trustee's or trustee's member's mortgage to that bank." Opposition Brief at 12-13. This is disingenuous for a number of reasons. First, the relevant Charter Oak Account was not a fiduciary account, but instead was a basic checking account. *See* Opening Brief at 3-4; Ex. 2. Second, this contradicts the allegations of both the Amended Complaint and earlier in the Opposition Brief, where Plaintiff claims that said mortgage

7

12. Plaintiff conflates the separate elements of aiding and abetting liability. Plaintiff must show both actual knowledge and substantial assistance in the commission of the wrong, and routine banking transactions do not constitute such assistance, *even if* TD Bank had known of the underlying conversion. *See Nigerian Nat'l Petroleum*, 1999 WL 558141, at *8 (finding that permitting a wrongdoer to make use of accounts at defendant bank does not rise to the level of substantial assistance, "even if [the defendant bank] had known of [the underlying] fraud").

### B. Plaintiff Has Not Demonstrated That TD Bank Breached a Duty of Ordinary Care.

Stripped of rhetoric and conclusory allegations, Plaintiff contends that TD Bank had an affirmative duty to inquire about the transfers and withdrawals at issue and to attempt to safeguard the insurance proceeds because it had "notice or knowledge that a diversion [by the Nova Group was] intended or being executed." Opposition Brief at 10. As previously discussed, *supra* Section II.A.1, Plaintiff has not demonstrated that TD Bank had actual knowledge of the Nova Group's wrongdoing. The law is clear that, even if the Charter Oak Account were a trust account and not a basic checking account, no such duty to "monitor fiduciary accounts" exists. *See* Opposition Brief at 10; *2006 Frank Calandra, Jr. Irrevocable Tr. v. Signature Bank Corp.*, 503 F. App'x 51, 54 (2d Cir. 2012) (affirming dismissal of negligence claims where "the transactions [at issue] were valid and authorized by the Trust"); *see also* Opening Brief at 3-4; 23-24. Indeed, the cases cited by Plaintiff support dismissal of its negligence claims.[8] Plaintiff alleges that TD Bank had reason to suspect the Nova Group's wrongdoing because it "knew that the Nova Group was depositing trust funds . . . into [the] non-trust [Charter Oak] account." Am.

---

payments were made not from the Charter Oak Account, but rather from other, unnamed Nova Group accounts. *See* Am. Compl. ¶ 25; Opposition Brief at 11; *supra* Section II.A.1.

[8] As noted, Plaintiff somewhat confusingly cites a number of cases examining negligence in the section of the Opposition Brief purporting to address its fiduciary duty claims. Opposition Brief at 10. For clarity, TD Bank addresses these cases here.

8

Compl. ¶ 56. However, "there is no requirement that a check payable to a fiduciary be deposited into a fiduciary account." *In re Knox*, 488 N.Y.S.2d 146, 148 (N.Y. 1985) (quotation omitted). Similarly, in *Norwest Mortgage, Inc. v. Dime Savings Bank*, the Second Department dismissed a negligence action against a defendant bank for a failure to allege facts sufficient to provide notice of fiduciary misappropriation, such as "chronic insufficiency of funds, or payment of the fiduciary's personal obligations to the depository bank from the escrow account." 721 N.Y.S.2d 94, 95 (N.Y. App. Div. 2001). Here, Plaintiff has not alleged that the Charter Oak Account suffered from a "chronic insufficiency" of funds, was ever overdrawn, or that funds were transferred to TD Bank directly from the Account to satisfy a debt.

### C. Plaintiff Cites No Support Demonstrating That TD Bank Was Unjustly Enriched.

Plaintiff does not dispute that an unjust enrichment claim cannot stand where a valid contract – such as that between TD Bank and Charter Oak – governs the obligations between the parties, or that fees and interest collected performing normal banking activities does not rise to the level of inequitable enrichment. *See* Opening Brief at 24-25. Moreover, the support offered by Plaintiff confirms that its unjust enrichment claim must be dismissed. *See Granite Partners, L.P. v. Bear, Stearns & Co. Inc.*, 17 F. Supp. 2d 275, 311 (S.D.N.Y. 1998) (unjust enrichment claim unavailable when governed by contract, regardless of whether or not the contract is between parties to the lawsuit). Plaintiff asserts that TD Bank was enriched through the receipt of mortgage payments from the Nova Group made "[u]pon information and belief" using the insurance proceeds after being transferred out of the Charter Oak Account and into other accounts belonging to the Nova Group. Am. Compl. ¶ 25; Opposition Brief at 15-16. Even assuming that this allegation is sufficient to survive the scrutiny of Rule 8, because Plaintiff admits that the insurance proceeds were transferred into other Nova Group accounts, the naked

9

assertion that such funds were then used for mortgage payments is simply too tenuous to support an unjust enrichment claim, as cases cited by Plaintiff make clear. *See* Am. Compl. ¶ 25; Opposition Brief at 11; *see also Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (dismissing an unjust enrichment claim where the benefit was "indirect" and not the "specific and direct benefit necessary to support an unjust enrichment claim").

### D. Plaintiff Offers No Facts to Support Its RICO Claim.

The parties agree that Plaintiff must demonstrate TD Bank participated in the operation or management of a RICO enterprise. However, Plaintiff offers no legal authority to support the "counterintuitive proposition that a RICO enterprise can consist of a bank and its customers." *Schmidt v. Fleet Bank*, No. 96-cv-5030, 1998 WL 47827, at *8 (S.D.N.Y. Feb. 4, 1998). Of more concern is Plaintiff's assertion that "TD should not be able to hide behind the fact that it is a bank to avoid RICO liability" as a RICO participant. Opposition Brief at 15. This simply ignores the law. Plaintiff has made no effort to demonstrate why this Court should disregard precedent holding that the provision of banking services such as withdrawals and wire transfers – the only behavior alleged against TD Bank after Plaintiff's conclusory statements are disregarded – is insufficient to demonstrate a violation of § 1962(c). *See Schmidt*, 1998 WL 47827, at *11 (providing banking services such as account withdrawals "does not rise to the level of 'operation or management' of a RICO enterprise."); *Indus. Bank of Latvia v. Baltic Fin. Corp.*, No. 93-cv-9032, 1994 WL 286162, at *3 (S.D.N.Y. June 27, 1994) ("That [defendant bank] provided banking services – *even with knowledge of the fraud* – is not enough to state a claim under § 1962(c).") (emphasis added); *see also* Opening Brief at 16-17.

## CONCLUSION

For the foregoing reasons, and for those stated in its Opening Brief, TD Bank respectfully requests that the Amended Complaint be dismissed in its entirety, with prejudice.

Dated: New York, New York
       November 16, 2015

By: *[signature]*
Jeffrey J. Chapman
Aaron F. Jaroff
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
*jchapman@mcguirewoods.com*
*ajaroff@mcguirewoods.com*

*Attorneys for Defendant TD Bank, N.A.*