UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/15

----------------------------------------------------------------- X

UNIVERSITAS EDUCATION, LLC,

                 Plaintiff,

        - against -

T.D. BANK, N.A.,

                 Defendant.

----------------------------------------------------------------- X

**MEMORANDUM
OPINION AND ORDER**

**15-cv-5643 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       Plaintiff Universitas Education, LLC ("Universitas") brings this diversity action against defendant T.D. Bank alleging the aiding and abetting of conversion and related claims stemming from the alleged misappropriation of certain assets by a non-party actor, using T.D. Bank as its financial institution. Defendant moves to dismiss, arguing that plaintiff's claims are time-barred.  For the following reasons, defendant's motion is GRANTED.

## I.     BACKGROUND[1]

       On May 15, 2009, the Lincoln National Life Insurance Company

---

     [1]      All facts recited herein are taken from the Amended Complaint ("Compl.") unless otherwise noted.

issued two checks to the Charter Oak Trust totaling $30,677,276.85, representing the life insurance proceeds for two life insurance policies issued on the life of Mr. Sash Spencer.[2]  Mr. Spencer, now deceased, named Universitas as the sole beneficiary of the Charter Oak Trust.[3]  Nova Group, Inc. served as the trustee.[4]

Contemporaneous with the Charter Oak Trust's receipt of the life insurance proceeds, Nova Group sought to open a new bank account for the Trust.[5] It applied for this account with at least three major banking institutions, and was declined by at least Bank of America due to Nova Group's failure to satisfy certain due diligence protocols.[6]  T.D. Bank accepted Nova Group's application, and opened an account for Charter Oak Trust on May 12, 2009.[7]

On May 20 and May 21, 2009, T.D. Bank accepted applications for and opened business checking accounts for Nova Group and several related entities.[8]  From May 21, 2009 to October 27, 2009, Nova Group transferred

---

[2]    *See* Compl. ¶ 38.

[3]    *See id.*

[4]    *See id.* ¶ 39.

[5]    *See id.* ¶ 44.

[6]    *See id.* ¶ 45.

[7]    *See id.* ¶ 50.

[8]    *See id.* ¶¶ 53-54.

Charter Oak Trust proceeds to and between its business checking accounts, and directly withdrew $19.8 million from the Charter Oak Trust account.[9]  Universitas was aware that Nova Group did not intend to remit the Charter Oak Trust's proceeds to it by October 2009.[10]

Plaintiff filed a demand for arbitration against the Nova Group on June 17, 2010.[11]  The arbitrator awarded plaintiff damages in the amount of $26,558,308.26 plus interest on January 24, 2011.[12]  The award was confirmed on June 5, 2012.[13]  In the meantime, T.D. Bank closed all accounts associated with Nova Group, which has yet to pay any of the arbitration award to plaintiff.[14]  On July 17, 2015, plaintiff brought this action against T.D. Bank accusing it of aiding and abetting in this conversion, and bringing several related claims.

---

[9]     *See id.* ¶¶ 57-66.

[10]    *See* Petition to Confirm Arbitration Award ("Petition"), Exhibit 1 to 9/11/15 Declaration of Jeffrey J. Chapman, counsel for defendant, in Support of Defendant's Motion to Dismiss the Amended Complaint ("Chapman Dec.") ¶ 7 ("Nova Group formally rejected Universitas' claim to the Death Benefit twice, initially in October 2009, and on appeal in February 2010."); Affidavit of Sharon Sieber, member of Universitas Education, LLC, Exhibit 4 to Chapman Dec. ¶¶ 8-12 (outlining steps taken by plaintiff to secure Charter Oak Trust monies in 2009).

[11]    *See* Compl. ¶ 68.

[12]    *See id.* ¶ 70.

[13]    *See id.* ¶ 71.

[14]    *See id.* ¶ 72.

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept[ ] all factual allegations in the complaint as true and draw[ ] all reasonable inferences in the plaintiff's favor."[15]  The court evaluates the sufficiency of the complaint under the "two-pronged approach" set forth by the Supreme Court in *Ashcroft v. Iqbal*.[16]  Under the first prong, a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[17]  For example, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]  Under the second prong of *Iqbal*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[19]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]  Plausibility

---

[15]     *Grant v. County of Erie*, 542 Fed. App'x 21, 23 (2d Cir. 2013).

[16]     *See* 556 U.S. 662, 678-79 (2009).

[17]     *Id*. at 679.

[18]     *Id*. at 678 (citation omitted).

[19]     *Id*. at 679.

[20]     *Id*. at 678 (citation omitted).

requires "more than a sheer possibility that a defendant has acted unlawfully."[21]

When deciding a 12(b)(6) motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."[22] "'[I]t is 'axiomatic that the Complaint cannot be amended by briefs in opposition to a motion to dismiss.'"[23]

## III.   DISCUSSION

When sitting in diversity, a federal court applies New York's statutes of limitations to state law claims.[24]  Under New York law, causes of action accrue at the time and in the place of the injury.[25]  Applying these principles to the instant case, each of plaintiff's causes of action is time-barred, and must be dismissed.

### A.   Aiding and Abetting Conversion Claim

Allegations for conversion, and aiding and abetting of conversion, are

---

[21]     *Id*. (quotations omitted).

[22]     *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

[23]     *Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp. 3d 436, 451 (S.D.N.Y. 2014) (quoting *O'Brien v. National Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989)).

[24]     *See, e.g.*, *Thea v. Kleinhandler*, No. 14-3201, 2015 WL 6684322, at *4 (2d Cir. Nov. 3, 2015).

[25]     *See id*.

subject to a three-year statute of limitations.[26]  A conversion occurs when one exercises unauthorized dominion over the property of another to the exclusion of the rights of the lawful owner.[27]  Here, the alleged conversion took place no later than October 2009, when Nova Group formally refused to remit the proceeds of the Charter Oak Trust to plaintiff.[28]  Thus, plaintiff's conversion claim was time-barred as of October 2012.

### B.    Fraud Claims

Claims for fraud and the aiding and abetting of fraud are normally governed by New York's six-year statute of limitations.[29]  However, a "[c]ourt will not apply the six-year statute of limitations if the claim of fraud is merely incidental to another claim with a shorter limitations period."[30]  To determine whether a fraud claim is "merely incidental" to other claims in an action, courts examine the "gravamen," or basic essence, of a plaintiff's claims.[31]  In order to not

---

[26]    *See* N.Y. Civil Practice Law & Rules ("C.P.L.R.") § 214(3).

[27]    *See Kirschner v. Bennett*, 648 F. Supp. 2d 252, 240 (S.D.N.Y. 2009).

[28]    *See* Petition ¶ 7.

[29]    *See* N.Y. C.P.L.R. § 213(8).

[30]    *Malmsteen v. Berdon, LLP*, 447 F. Supp. 2d 655, 663 (S.D.N.Y. 2007).

[31]    *See Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 394 (S.D.N.Y. 2010) (holding a fraud claim to be incidental to related

be "merely incidental," a fraud claim must be distinct from a plaintiff's other claims — it must be a claim in its own right, and not merely recast the same facts as other claims in order to obtain the benefit of the longer limitations period.[32]

The gravamen of plaintiff's fraud claims are that Nova Group converted Charter Oak Trust funds meant for Universitas, and that defendant — by opening accounts and approving transfers between them — aided and abetted in that conversion.  The facts underlying the fraud and conversion claims are the same.  The injuries are the same.  The relief sought is identical.  Both the fraud and the aiding and abetting fraud claims are identical, for all intents and purposes, to the aiding and abetting conversion claim, and are merely incidental thereto.  "Time barred claims cannot be revitalized by tricks of pleading";[33] the six-year statute of limitations does not apply to plaintiff's claim of aiding and abetting fraud. Plaintiff's claims for fraud and aiding and abetting fraud are subject to the three-year statute of limitations governing plaintiff's conversion claim, and are time-barred.

---

claims where "the gravamen of plaintiff's claims is that [defendant] stole funds from [plaintiff], not that he lied about doing so").

[32]   *See Midwest Mem'l Grp., LLC v. International Fund Servs. (Ireland) Ltd.*, No. 10 Civ. 8860, 2011 WL 4916407, at *5 (S.D.N.Y. Oct. 17, 2011).

[33]   *Id.*

### C.   Fiduciary Duty Claims

New York does not prescribe a statute of limitations for claims based on the breach of a fiduciary duty, and instead determines the applicable limitations period based on the substantive remedy sought.[34]  Where a plaintiff seeks only money damages — as is the case here — a three-year statute of limitations applies.[35]  For the same reasons described above, plaintiff's claims accrued in October 2009, and were time-barred as of October 2012.

### D.   Unjust Enrichment Claim

Claims for unjust enrichment are generally governed by a six-year statute of limitations.[36]  However, as with claims for fraud and breach of a fiduciary duty, if an unjust enrichment claim is merely incidental to a claim governed by a shorter statute of limitations, "the Court will not allow a plaintiff to avail himself of a longer limitations period."[37]  Here, plaintiff's unjust enrichment

---

[34]   *See Ciccone v. Hersh*, 530 F. Supp. 2d 574, 579 (S.D.N.Y. 2008).

[35]   *See Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 942 (2d Cir. 1998).  Claims for breach of a fiduciary duty based on allegations of fraud may be subject to a six-year statute of limitation, but only in instances where the fraud is not incidental to another claim.  *See Marketxt*, 693 F. Supp. 2d at 398.  As described above, plaintiff's fraud claims are incidental to its conversion claim, and the three-year statute of limitations applies.

[36]   *See* N.Y. C.P.L.R. § 213(1).

[37]   *Malmsteen*, 447 F. Supp. 2d at 667.

claim recites the same facts and circumstances as its conversion claim, and is just as incidental to the conversion claim as the fraud claims.  The three-year statute of limitations therefore applies, and plaintiff's claim was time-barred as of October 2012.

### E.    Negligence Claims

New York applies a three-year statute of limitations to all negligence claims, including claims for negligent hiring and negligent supervision.[38]  As with conversion claims, the limitations period begins to run at the time and place of injury, "even though the injured party may be ignorant of the existence of the wrong or injury."[39]  The injury alleged in support of the negligence claims is the same injury as alleged for the conversion claim and claims incidental to the conversion.  Plaintiff's negligence claims were therefore time-barred as of October 2012.

---

[38]    *See* N.Y. C.P.L.R. § 214(4); *Coleman & Co. Sec., Inc. v. Giaquinto Family Tr.*, 236 F. Supp. 2d 288, 299, 303 (S.D.N.Y. 2002).

[39]    *Fritzhand v. Discover Fin. Servs., Inc.*, 800 N.Y.S. 2d 319, 319 (Sup. Ct. Nassau Co. 2005). *Accord Midwest Mem'l Grp.,* 2011 WL 4916407, at *3 (holding that New York "does not apply a 'discovery rule' to extend accrual [of a claim] until a plaintiff discovers that injury").

### F.     Racketeer Influenced and Corrupt Organizations Act ("RICO") Claim

Civil RICO claims are subject to a four-year statute of limitations.[40] The four-year limitations period begins to run "upon the discovery of the injury alone."[41]  As with all of plaintiff's claims, the only injury alleged in plaintiff's civil RICO claim is the conversion of the Charter Oak Trust funds, of which plaintiff had actual notice in October 2009 when Nova Group formally denied plaintiff's claim to the trust funds.  Plaintiff's civil RICO claim was therefore time-barred as of October 2013.

## IV.    CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED.  The Clerk of the Court is directed to close this motion (Dkt. No. 12) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 21, 2015

---

[40]     See Rotella v. Wood, 528 U.S. 549, 552 (2000).

[41]     Koch v. Christie's Int'l PLC, 699 F.3d 141, 150 (2d Cir. 2012).

-10-

**-Appearances-**

**For Plaintiff:**

Annie E. Causey, Esq.
Napoli Shkolnik PLLC
1301 Avenue of The Americas
New York, NY 10019
(212) 397-1000

Marie E. Napoli, Esq.
Napoli Law, PLLC
1301 Avenue of The Americas
New York, NY 10019
(212) 397-1000

Paul J. Napoli, Esq.
Napoli Bern Ripka & Associates
350 Fifth Avenue
New York, NY 10118
(212) 267-3700

**For Defendant:**

Jeffrey J. Chapman, Esq.
Aaron F. Jaroff, Esq.
McGuire Woods LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105
(212) 548-7060