ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5355
krudd@zeklaw.com

November 8, 2012

**BY HAND DELIVERY**

Honorable Henry Pitman
United States Magistrate Judge
United States District Court
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

### Universitas Education, LLC (Judgment Creditor) v. Nova Group, as trustee, sponsor and fiduciary of Charter Oak Trust (Judgment Debtor)
### Subpoena to TD Bank dated September 24, 2012

Dear Magistrate Judge Pitman:

We are counsel to non-party TD Bank, N.A. We write to pursuant to this Court's Individual rules and the Local Rules for the Southern District of New York to seek this Court's assistance in resolving an issue concerning a subpoena (the "Subpoena") served by plaintiff / judgment-creditor Universitas Education LLC ("Judgment Creditor") on TD Bank in connection with its judgment enforcement efforts against defendant / judgment debtor Nova Group, Inc., as trustee, sponsor and fiduciary of the Charter Oak Trust ("Judgment Debtor").

In broad strokes, the Subpoena seeks the production of, *inter alia*, documents (i) concerning accounts maintained in the name of Judgment Debtor or Charter Oak Trust, including certain communications (ii) concerning specifically identified transactions, (iii) sufficient to identify the account holders of certain accounts specifically identified by number (the "Specifically Identified Accounts"), and (4) internal TD Bank policies for "trust accounts." Copies of the Subpoena and TD Bank's Responses and objections are enclosed as Exhibits A and B.

TD Bank produced certain documents before my firm was retained. Subsequently, we made a supplemental production of documents, and TD Bank is continuing its search for additional responsive documents.

However, we have received threatening communications from two parties which purport to expose TD Bank to liability if it continues to comply with the

ZEICHNER ELLMAN & KRAUSE LLP

Subpoena. Therefore, while we regret having to burden this Court with this request, we are constrained to seek a conference and, if appropriate, an order directing TD Bank to comply with the Subpoena. Of course, we are continuing to meet and confer with Judgment Creditor's counsel in an effort to resolve TD Bank's objections to the Subpoena.

First, by letter dated September 21, 2012, Judgment Debtor's counsel threatened TD Bank with criminal and civil liability under certain Connecticut statutes if it complies with the Subpoena. A copy of that letter is enclosed as Exhibit C.

Next, TD Bank gave the holders of the Specifically Identified Accounts notice of the Subpoena and notified them that it would comply with the Subpoena unless they notified TD Bank by October 29, 2012 that they had made motions to quash. By letter dated October 26, 2012, the attorney for such customers made threats to TD Bank that were similar to those made by the Judgment Debtor. A copy of such letter is enclosed as Exhibit D.

Notably, neither the Judgment Debtor nor the bank's customers on the Specifically Identified Accounts made a motion to quash the Subpoena so far as we know.

Finally, during a telephonic meet and confer prior to Hurricane Sandy, Judgment Creditor's counsel expressed displeasure with the pace of TD Bank's production as well as with certain objections, and thought it might be necessary to seek Court intervention.

With respect to the first two points, the threats of civil action may be vacuous, as the Supreme Court of Connecticut has held that there is no private right of action under the statutes on which the customers purport to rely. *Rollins v. People's Bank Corp.*, 925 A.2d 315 (Conn. 2007). In addition, however unlikely it may be that that the Connecticut statute could even apply to a subpoena issued from this Court, *see e.g., Benistar Admin Servs.*, 2011 U.S. Dist. LEXIS 81389, 108 A.F.T.R.2d (RIA) 5498, (S.D. Ind. 2011) ("Even if this statute applied in this federal proceeding (which is doubtful), its purpose has been met because all movants have had the opportunity to challenge the Subpoena"), TD Bank still faces the risk of customers seeking to hold it criminally and civilly liable for mere compliance with a subpoena issued from this Court.

ZEICHNER ELLMAN & KRAUSE LLP

   Further, by email dated November 5, 2012, counsel to TD Bank's customers on the Specifically Identified Accounts stated that they may be making a motion to quash the Subpoena issued by this Court in Connecticut Superior Court (see Exhibit E), further adding to our uncertainty and the very real risk of additional disputes arising out of, or in connection with, TD Bank's compliance with the Subpoena.

   While TD Bank is still endeavoring to identify additional responsive documents to produce to Judgment Creditor, it is hesitant to do so without first having this Court address the threats made by its customers as set forth above. We therefore seek this Court's intervention.

                Respectfully submitted,

                Kenneth C. Rudd

KCR:pa
Enclosures

cc: Bryan Reyhani, Esq. (by email)
   Adam Blank, Esq. (by email)
   Joseph M. Pastore, III, Esq. (by email)