UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNIVERSITAS EDUCATION, LLC,

                Plaintiff,

      - against -

T.D. BANK, N.A.,

                Defendant.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/16

**MEMORANDUM**
**OPINION AND ORDER**

15-cv-5643 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       This Court issued a Memorandum Opinion and Order on December 21, 2015 (the "December 21 Order") dismissing all claims in this action as time-barred. On January 4, 2016, plaintiff filed a motion for reconsideration of the December 21 Order arguing — for the first time — that equitable tolling should apply to its claims against defendant. For the following reasons, plaintiff's motion is DENIED.

## I. LEGAL STANDARD

      The standard for granting a motion for reconsideration is strict. "'[R]econsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked.'"[1]  "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[2]  Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[3]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[4]  Local Rule 6.3 must

---

[1] *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[2] *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

[3] *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).  *See also Shrader*, 70 F.3d at 257 (describing grounds for reconsideration as "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

[4] *In re Optimal U.S. Litigation*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (quoting *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)).  *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

be "'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'"[5]  Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[6]  A motion for reconsideration is not an "'opportunity for making new arguments that could have been previously advanced,'"[7] nor is it a substitute for appeal.[8]

## II.   DISCUSSION

While plaintiff is quick to note that motions for reconsideration are "not vehicles in which a party may get two bites at the apple,"[9] the entirety of its motion for reconsideration concerns equitable tolling — a form of relief not

---

[5]  *Simon v. City of New York,* No. 14 Civ. 8391, 2015 WL 4092389, at *1 (S.D.N.Y. July 6, 2015) (quoting *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009)).

[6]  *Flood v. Carlson Rests, Inc.*, No. 14 Civ. 2740, 2015 WL 6870490, at *2 (S.D.N.Y. Nov. 9, 2015) (quoting *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)).

[7]  *Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (quoting *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

[8]  *See Amtrust North America, Inc. v. Safebuilt Ins. Servs., Inc.*, No. 14 Civ. 9494, 2015 WL 9480080, at *1 (S.D.N.Y. Dec. 22, 2015).

[9]  Plaintiff's Memorandum of Law in Support of its Motion for Reconsideration ("Pl. Mem.") at 1.

requested in plaintiff's opposition to defendant's motion to dismiss.  Upon a close review of plaintiff's opposition papers, this Court can find only one point that could charitably be characterized as a nod towards equitable tolling, which reads in full: "Universitas' claims are timely under New York law.  Detailed in Factual Background, *supra*, Universitas did not discover the theft of its property, nor could it have, until at least November 2012."[10]  This argument is made in a two-paragraph section answering defendant's comprehensive argument that plaintiff's claims are time-barred, and does *not* advocate for the application of equitable tolling, but instead for the application of an incorrect accrual rule to plaintiff's claims — accrual upon discovery of an injury, instead of accrual upon occurrence of the injury itself.  While plaintiff may regret not seeking equitable tolling in its opposition papers, pasting together facts from past briefing and appending an entirely new argument section is a supplemental opposition brief disguised as a motion for reconsideration, and is inappropriate.

       Even were this Court to accept plaintiff's invitation to engage in an equitable tolling analysis, plaintiff has not offered evidence sufficient to "establish that extraordinary circumstances prevented [it] from filing [its] claim on time, and

---

[10]    Plaintiff's Memorandum of Law in Support of Its Opposition to Defendant's Motion to Dismiss at 16.

that [it] acted with reasonable diligence throughout the period [it] seeks to toll."[11] While plaintiff provides citations to cases applying the federal doctrine of equitable tolling, the borrowing of a state law statute of limitations (as I did here in disposing of plaintiff's common law claims)[12] carries with it the borrowing of the state's tolling rules.[13] "Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'"[14] "Such fraud, misrepresentations, or deception must be

---

[11] *Parada v. Banco Industrial De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (citing *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (quotation marks and alterations omitted)).

[12] I would also have declined to equitably toll plaintiff's federal RICO claim. Plaintiff discovered its injury — and accrued its RICO claim — in October 2009 when Nova Group refused to release the Charter Oak Trust funds from its accounts in TD Bank. Universitas could have, at that time, conducted a reasonable inquiry into TD Bank's behavior that would have resulted in the same factual record it received in 2012 after completing arbitration. Instead, Universitas elected to proceed solely against Nova Group in arbitration, and allowed any possible claim against TD Bank to become stale. This is not a situation where it was impossible for Universitas to discover any alleged complicity on the part of TD Bank until the post-arbitration confirmation subpoenas. Universitas was aware TD Bank held the Charter Oak Trust funds, and chose not to investigate further.

[13] *See Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 437 (S.D.N.Y. 2014).

[14] *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 794 (Third Dept. 2005).

affirmative and specifically directed at preventing the plaintiff from bringing suit; failure to disclose the basis for potential claims is not enough . . . ."[15]  Finally, absent affirmative conduct on the part of a defendant, "the plaintiff must demonstrate a fiduciary relationship . . . which gave the defendant an obligation to inform [the plaintiff] of facts underlying the claim."[16]

        TD Bank and Universitas were not in a fiduciary relationship, and plaintiff has not so argued.  Plaintiff must therefore show affirmative conduct on the part of TD Bank if equitable tolling is to be applied.  Read liberally, Universitas's opposition papers could be construed to argue that TD Bank affirmatively concealed documents relevant to Universitas's claims by not promptly responding to Universitas's subpoenas for documents in Universitas's earlier action against Nova Group.  However, as Universitas admits in its briefing,[17] TD Bank sought the court's guidance as to Universitas's subpoena in response to threats of legal action from Nova Group should TD Bank comply.[18]

---

[15]    *Twersky*, 993 F. Supp. 2d at 442.

[16]    *Zumpano v. Quinn*, 6 N.Y. 3d 666, 675 (2006).

[17]    *See* Pl. Mem. at 8 ("In response, the Nova Group, through baseless motions and letter campaigns, kept TD Bank from complying with the issued subpoenas.").

[18]    Magistrate Judge Pitman further noted that it was the Nova Group that was "attemp[ing] to prevent non-party TD Bank, N.A. from complying with [the]

This is not an affirmative action specifically directed at preventing plaintiff from bringing suit, it is a party seeking a court's order as insulation against possible future civil liability. Plaintiff's attempts to recast TD Bank's behavior in an *ex post* effort to find a deep pocket from which to recover its arbitration award against Nova Group is unavailing; equitable tolling would not have applied even if Universitas had requested it. As there is no clear error in my December 21 Order, plaintiff's motion for reconsideration must be denied.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion is DENIED. The Clerk of the Court is directed to close this motion (Dkt. No. 25).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
January 5, 2016

---

subpoenas," and that TD Bank had in fact produced documents in response to the subpoenas before receiving threats of litigation. *See Universitas Educ. LLC v. Nova Group, Inc.*, No. 11-cv-1590, 2012 WL 5877420, at *1 (S.D.N.Y. Nov. 21, 2012).

## -Appearances-

**For Plaintiff:**

Annie E. Causey, Esq.
Napoli Shkolnik PLLC
1301 Avenue of The Americas
New York, NY 10019
(212) 397-1000

Marie E. Napoli, Esq.
Napoli Law, PLLC
1301 Avenue of The Americas
New York, NY 10019
(212) 397-1000

Paul J. Napoli, Esq.
Napoli Bern Ripka & Associates
350 Fifth Avenue
New York, NY 10118
(212) 267-3700

**For Defendant:**

Jeffrey J. Chapman, Esq.
Aaron F. Jaroff, Esq.
McGuire Woods LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105
(212) 548-7060